### GEO. PFEIFFER V. H. A. MALTBY.

1. It is error to dismiss a case upon any reason not apparent upon the face of the petition.
2. The report of an auditor of a fact which would, if true, defeat the action, cannot justify the court in dismissing the suit.
3. Parties have a right to trial by jury, and when a jury is demanded it is error in the court to dismiss the case upon a fact ascertained by the court from report of an auditor.
4. The fact that a partnership sold wares by them manufactured to the Confederate States authorities will not defeat an action by one of the firm for an account of the gains of such partnership.

ERROR from Nueces. Tried below before the Hon. B. F. Neal.

This was a suit by publication and attachment, brought by plaintiff in error against defendant in error, January 15, 1866, on an account for tools furnished defendant by plaintiff, in 1863, for the purpose of carrying on a partnership business between the parties, in the manufacture of tin ware, and for settlement of the partnership account.

The attachment was levied on a house and lots in the town of Corpus Christi; and at the December term, 1866, defendant answered, claiming the property levied on as his homestead.

The District Court, in 1870, appointed an auditor to state the account between the parties.

On the auditor making his report, March, 1871, the defendant moved to dismiss the suit, on the ground that it appeared, from the report, that plaintiff's claim was for one-half of the profits made by the partnership in furnishing the Confederate States army such articles as plaintiff and defendant were engaged in manufacturing, and which profits were in Confederate States notes, and accrued while the parties were actively engaged in rebellion, contrary to public policy.

The court thereupon dismissed the case, and plaintiff prosecuted his writ of error.

WALKER, J.—This was a suit on an open account. The plaintiff also sought a settlement of partnership accounts. The books and papers were referred to an auditor, who stated an account between the parties, showing a balance in favor of the plaintiff of something over $2000. Exceptions were filed to the report, and the plaintiff denied the exceptions, and moved for judgment on the report. A jury was called, but it does not appear that they rendered any verdict, but a judgment was entered for the defendant. Motion was made for a new trial and overruled. The plaintiff excepted to the judgment of the court.

We are perfectly at a loss to know why this case was not passed on by a jury, and in the present state of the record we must consider it such error as to reverse the judgment. The mere fact that there was an auditor in the case does not take away the right of trial by jury.

We cannot in this case take away the right of the plaintiff to recover on the ground that some of the tin ware manufactured or sold by the firm may have been sold to Confederate troops. We have held heretofore that property acquired or money made by dealings in Confederate money may become the subject of litigation in our courts, but at the same time we have held that where the dealings of a co-partnership were conducted in Confederate money the losses and profits in such money were not the legitimate subjects of legal controversy.

This case is reversed and remanded.

REVERSED AND REMANDED.